■ RORY CALHOUN, Appellant, v ABRAHAM COOPER et al., **Respondents.** [614 NYS2d 762] —In an action to recover damages for slander, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Christ, J.), dated July 9, 1992, as granted that branch of the defendants' motion which was to set aside the jury verdict of $550,000 for past compensatory damages and $175,000 for future compensatory damages and ordered a new trial on the issue of damages.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, with costs, that branch of the defendants' motion which was to set aside the jury verdict as to damages is denied, the jury's award is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate judgment upon the jury verdict.

It is settled that the amount of damages to be awarded in a defamation action is peculiarly within the jury's province (see, *Toomey v Farley*, 2 NY2d 71; *Rupert v Sellers*, 65 AD2d 473, 486, *affd* 50 NY2d 881, *cert denied* 449 US 901), and that the exercise of the discretion of a trial court over damage awards should be exercised sparingly (see, *Shurgan v Tedesco*, 179 AD2d 805, 806).

The evidence adduced at trial showed that, as a direct result of the defendants' defamatory statements, the plaintiff was discharged as the attorney for a lucrative investment project. The evidence further showed that from July 1987, the date of the discharge, to February 1992, the date of trial, the attorney hired by the investment project to replace the plaintiff had provided about 1,800 hours of legal services to the project. In addition, one of the principals of the investment project testified that it would take another 8 to 10 years to complete the project and that he expected to pay some $150,000 to $200,000 per year for legal fees during that time period. Furthermore, there was evidence that an established Garden City law firm had stopped referring cases to the plaintiff and that a number of clients left him as a result of the defamatory statements.

Under the circumstances, we find that there was evidentiary support for the jury's award. Sullivan, J. P., Balletta, Joy and Friedmann, JJ., concur.